IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

KELLY A. MCQUAGE,

    Plaintiff/Counter-
    Defendant,

v.                                               Case No.2:18-cv-02781
                                                 Jury Demanded

SAFETY PRODUCTS, INC.,

    Defendant/Counter-
    Plaintiff.

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS UNDER THE DOCTRINE OF FORUM NON CONVENIENS AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

COMES NOW Plaintiff/Counter-Defendant Kelly A. McQuage (hereinafter "Ms. McQuage"), by and through counsel, and moves the Court to dismiss Defendant/Counter-Plaintiff's, Safety Products, Inc. (hereinafter "SPI"), counter-claim under the doctrine of *forum non conveniens* and for failure to state a claim upon which relief can be granted. In support thereof, Ms. McQuage would respectfully state as follows:

**INTRODUCTION AND FACTUAL HISTORY**

1.    On October 29, 2014, Ms. McQuage and SPI entered into an Employment Agreement. (ECF No. 11-1).

2.    The Employment Agreement contains the following provision:

> (g) In the event any litigation is instituted for the purpose of interpreting or enforcing any of the provisions of this Agreement, the prevailing party or

>parties, as determined by the Court having jurisdiction thereof, shall be entitled to recover from the non-prevailing party or parties, in addition to all other relief, all costs and expenses incurred in connection with such litigation, including, without limitation, reasonable fees or attorneys and of accountants and other experts at the pretrial level, the trial level, and in connection with all appellate proceedings. Furthermore, **the parties to this [Employment] Agreement each severally acknowledge[] and confirm[] that the proper, exclusive and convenient venue for any legal proceeding instituted in connection with this Agreement shall be Polk County, Florida,** and each party hereby waives any defense, whether asserted by motion or pleading, that Polk County, Florida, is an improper or inconvenient venue, and each party hereby consents to the personal jurisdiction of any Court of competent jurisdiction located in Polk County, Florida, regardless of any such party's then residence or domicile.

(ECF No. 11-3, p. 13) (emphasis added).

3. On January 12, 2017, Ms. McQuage was terminated from her employment at SPI.

4. On March 30, 2017, Ms. McQuage filed a discrimination charge with the EEOC for gender/age discrimination and retaliation. (ECF No. 1-2).

5. On October 17, 2017, Counsel for Ms. McQuage forwarded a notice of representation letter to SPI's President and Owner, Scott Williams, regarding the matter before the EEOC, and advising him all future communications should be directed through Counsel.

6. On November 2, 2017, SPI threatened to seek all available legal remedies against Ms. McQuage for alleged violations of the Employment Agreement, unless Ms. McQuage paid SPI fifty-thousand dollars ($50,000.00). (ECF No. 11-3, p. 3).

7.   On November 9, 2017, SPI again demanded fifty-thousand dollars ($50,000.00) from Ms. McQuage for alleged violations of the Employment Agreement. (ECF No. 11-3, p. 2). In doing so, SPI stated:

> If you fail to comply with these demands [SPI] will have no choice but to seek all available legal remedies under the Employment Agreement and the law against you, including but not limited to the **filing of a lawsuit against you in Polk County, Florida**. Please govern yourself accordingly.

(Id.) (emphasis added).

8.   On November 28, 2017, SPI filed a verified complaint against Ms. McQuage for alleged violations of the Employment Agreement in the Circuit Court for the Tenth Judicial Circuit in and for Polk County, Florida, Case No. 2017-CA-003861. (ECF No. 11, p. 13, n. 1) (hereinafter "Florida Litigation").

9.   The Florida Litigation is still on-going. Ms. McQuage and SPI are both represented by completely separate and unrelated counsel in the Florida litigation.

10.  On September 19, 2018, Ms. McQuage was issued her Notice of Right to Sue from the EEOC. (ECF No. 1-3).

11.  On November 12, 2018, Ms. McQuage filed her complaint in this action for age/gender discrimination and retaliation. (ECF No. 1).

12.  On December 3, 2018, SPI filed their answer to complaint and counter-claim. (ECF No. 11). In their counterclaim, SPI brought, for the second time, a separate and duplicative suit

against Ms. McQuage for alleged violations of the Employment Agreement.[1]

13. Ms. McQuage now respectfully asks this Court to dismiss SPI's counterclaim because SPI has an ongoing suit for the exact same claim in the governing court of Polk County, Florida, where SPI's principal place of business is located, and the counterclaim fails to state a claim upon which relief can be granted.

## LEGAL STANDARDS AND ARGUMENTS

**A. The forum-selection clause located in the Employment Agreement is contractually valid and enforceable and provides that the proper, exclusive and convenient venue for any litigation shall be in Polk County, Florida.**

Forum-selection "clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). On the issue of enforcing a forum-selection clause, the United States Supreme Court has held that:

> Where the parties have designated a federal forum in a forum-selection clause, the agreement should be enforced via a motion to transfer under 28 U.S.C. § 1404 (a). Atl. Marine Const. Co., Inc. v. United States Dist. Court for the W. Dist. Of Texas, 571 U.S. 49, 59 (2013). Where the parties designate a state or foreign forum, however, courts cannot use § 1404(a) to initiate the necessary transfer. See, e.g., Langley v. Prudential Mortg.

---

[1] SPI has now sued Ms. McQuage twice for her alleged breach of the Employment Agreement, and both claims are currently pending before their respective courts. Ms. McQuage would note that both SPI's retaliatory lawsuit and counter-claim appear to be brought in bad faith solely to receive a fifty-thousand-dollar bargaining chip against their liability for violations of Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*, and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.*, particularly insomuch as SPI has never pursued any form of injunctive relief against Ms. McQuage.

> Capital Co., LLC, 546 F.3d 365,371 n.2 (6th Cir. 2008)(Moore, J., Concurring). "Instead, the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum nonconveniens*." Atl. Marine, 571 U.S. at 60.

Branch v. Mays, 265 F. Supp.3d 801, 806 (E.D. Tenn. 2017). There is no material difference between the analysis of a motion to transfer under 28 U.S.C. § 1404(a) and a motion to dismiss under the doctrine of *forum non conveniens*. Atl. Marine, 571 U.S. at 61. ("because both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts should evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum.").

The threshold question that must be answered before determining the merits of the *forum non conveniens* motion is whether the forum selection clause is contractually valid. Milan Express Co. v. Applied Underwriters Captive Risk Assurance Co., 2016 U.S. Dist. LEXIS 11890, at *6-8 (W.D. Tenn. 2016). The Western District of Tennessee has held, "mandatory language in a forum-selection clause is required for it to be valid and enforceable." Union Planters Bank, N.A. v. EMC Mortg. Corp., 67 F. Supp. 2d 915, 922 (W.D. Tenn. 1999).

"A forum-selection clause is mandatory if it contains clear language showing that jurisdiction is appropriate only in the designated forum." quoting Siteworks Solutions, LLC v. Oracle Corp,

5

2008 U.S. Dist. LEXIS 72116, at *7 (W.D. Tenn. 2008); see <u>Union Planters Bank, N.A.</u>, 67 F. Supp. 2d at 921 (the language "shall be submitted to…" made it clear that the forum selection clause was mandatory). A clause is permissive if it "authorize[s] jurisdiction in a designated forum, but do[es] not prohibit litigation elsewhere." <u>Siteworks Solutions, LLC</u>, 2008 U.S. Dist. LEXIS 72116, at *7. If a forum-selection clause is permissive, the parties are not bound to bring suit in the designated forum. <u>Id</u>. at *7-8.

In evaluating whether to enforce the parties' forum-selection clause, the Court must consider: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." <u>Wong v. PartyGaming Ltd.</u>, 589 F.3d 821, 828 (6th Cir. 2009). The burden of showing that the forum-selection clause is unenforceable lies with the party opposing enforcement thereof. <u>Smith v. Aegon Cos. Pension Plan</u>, 769 F.3d 922, 929 (6th Cir. 2014).

The presence of the forum-selection clause changes the normal *forum non conveniens* analysis. This was explained as follows in the <u>Branch</u> case:

> Ordinarily, courts must weigh several factors in deciding whether to dismiss a case under the *forum non conveniens* doctrine. "In weighing these factors, the district court must first establish an adequate alternative forum. Then, the court must weigh the

> relevant public and private factors. The court should also give deference to the plaintiff's choice of home forum." Wong, 589 F.3d at 830. Where a forum-selection clause is present, however, courts must change the *forum non conveniens* calculus in three important ways. First, "the plaintiff's choice of forum merits no weight." Atl. Marine, 134 S.Ct. at 581. Second, courts "should not consider arguments about the parties' private interests," and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." Id. at 582. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a [dismissal under the *forum non conveniens* doctrine] will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. The party seeking to disavow the forum-selection clause bears a heavy burden. Because "courts should not unnecessarily disrupt the parties' [contractual agreement] ... [i]n all but the most unusual cases ... 'the interest of justice' is served by holding the parties to their bargain." Id. at 583.

Branch, 265 F. Supp.3d at 808. (emphasis added).

In this case, SPI is acutely aware that the proper and exclusive venue for any litigation resulting from an alleged breach of the Employment Agreement is in Polk County, Florida. This awareness stems from the Employment Agreement itself, which SPI drafted, containing unambiguous language identifying Polk County, Florida as the "proper, exclusive and convenient venue for any legal proceedings instituted in connection with this [Employment] Agreement." (ECF No. 11-3, p. 13). Moreover, the same provision states any "any legal proceeding instituted in connection with this Agreement *shall be* [in] Polk County, Florida," which is the same county that SPI's principal place of business is located. (Id.)

7

(emphasis added); (ECF. 11, p. 13).

SPI's knowledge that Polk County, Florida is the sole, exclusive and proper venue was emphatically demonstrated, first by SPI's threat to enforce its legal rights and bring a lawsuit against Ms. McQuage in Polk County, Florida for alleged violations of the Employment Agreement. (See ECF No. 11-3, p. 2). Moreover, it was unequivocally demonstrated when SPI actually filed a complaint in Polk County, Florida for breach of contract against Ms. McQuage for alleged violations of the Employment Agreement. (See ECF No. 11, p. 13). This emphatic demonstration can be summarized in SPI's own words, as described in the complaint filed in the Florida Litigation. Specifically, in Paragraph 3 of the complaint, SPI states "[e]xclusive venue of this action lies in Polk County, Florida, pursuant to Section 9 ("General Provisions"), Subsection 'g' of the 'Employment Agreement.'" See attached hereto a true and correct copy of "Verified Complaint and Demand for Jury Trial", **Exhibit "A".**

Indeed, it is completely understandable why SPI was, until recently, operating under this presumption because, in pertinent part, the Employment Agreement even includes a waiver of arguments to the contrary. The Employment Agreement states as follows:

> the parties to this [Employment] Agreement each severally acknowledge[] and confirm[] that the proper, exclusive and convenient venue for any legal proceeding instituted in connection with this Agreement shall be Polk County, Florida, and **each party hereby waives any defense, whether asserted by motion or pleading, that Polk County, Florida, is an improper or inconvenient**

8

> **venue**, and each party hereby consents to the personal jurisdiction of any Court of competent jurisdiction located in Polk County, Florida, regardless of any such party's then residence or domicile.

(ECF No. 11-3, p. 13) (emphasis added).

As stated by the United States Supreme Court, a forum-selection clause is *prima facie* valid and should be enforced unless it is shown by the resisting party that enforcement would be "unreasonable" under the circumstances. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). The forum-selection clause at issue contains clear language showing that jurisdiction is appropriate only in the designated form. This is demonstrated by the use of the words "proper" and "exclusive" when referring to the selection of Polk County, Florida as the proper and exclusive venue and stating that all legal proceedings "shall be" in Polk County, Florida. (ECF No. 11-3, p. 13). The fact that all legal proceedings "shall be" in Polk County, Florida precludes the possibility of any legal proceedings to enforce the Employment Agreement being brought in another venue. Accordingly, the Employment Agreement contains clear language that the exclusive venue is Polk County, Florida, and that any legal proceedings shall be in Polk County, Florida. This language makes the forum-selection clause mandatory, and the forum-selection clause is contractually valid and enforceable.

SPI has not set forth any reasons why the forum-selection clause SPI drafted should not be enforced, and it will ultimately

9

be their burden to bear. See Smith v. Aegon Cos. Pension Plan, 769 F.3d 922, 929 (6th Cir. 2014). However, any such argument would ultimately come up short.

First, there have been no allegations that the Employment Agreement was obtained by fraud, duress, or other unconscionable means. See Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009). To the contrary, SPI is seeking to enforce the Employment agreement *in toto*, an agreement that SPI drafted and presented to Ms. McQuage as a contract of adhesion or a requirement of her former employment with SPI.

Second, SPI has made no allegations that Polk County, Florida would ineffectively or unfairly handle the suit. To the contrary, SPI is incorporated under the laws of Florida, and has its principal place of business in Polk County, Florida. (ECF No. 11, p. 13 ¶ 1). Moreover, the Employment Agreement itself contains a provision stating, "This [Employment] Agreement shall be governed by and construed in accordance with the laws of the State of Florida." (ECF No. 11-3, p. 13 ¶ (e)). Indeed, a court in Polk County, Florida, would be effective and fair in construing a contract drafted, and interpreted, under Florida law. Accordingly, Florida courts will likely have an interest in effectively and fairly ensuring that business contracts, construed under Florida law, of companies headquartered within its state are judiciously decided.

Finally, SPI has made no allegations that the designated forum

would be so seriously inconvenient to it such that requiring them to bring suit there would be unjust. Again, SPI has its principal place of business in Polk County, Florida and SPI chose, initially at least, to effectively litigate in its own backyard. (ECF No. 11, p. 13 ¶ 1). Moreover, before filing the counter-claim in this action, SPI already had a prior suit pending, in Polk County, Florida, which was brought for Ms. McQuage's alleged breach of the Employment Agreement.[2]

    The third factor, and the relative posture of the parties to this action, is completely reversed from the typical situation where the party responsible for drafting, and typically sensitive to enforcing the choice of venue provisions it drafted, is trying to avoid being sued in a forum where the company only has a tangential connection. Instead, this situation involves a former employee seeking to avoid duplicative litigation by a former employer, which is seeking to enforce the provisions of the Employment Agreement, but only the provisions the Employer currently, but not previously, chooses to rely upon. Accordingly, these three factors all weigh in favor of finding the forum-selection clause to be valid and enforceable.

    In deciding whether the Court should dismiss this case under

---

[2] The claims alleged in Ms. Mcquage's Tennessee complaint and SPI's Tennessee counter-claim appear to exclusively relate to separate periods of time, with Ms. McQuage's complaint relating solely to the period of time before her employment was wrongfully terminated, and with SPI's counter-complaint relating solely to the period of time after her employment with SPI ended.

11

the *forum non conveniens* doctrine, the Court must weight several factors. "In weighing these factors, the district court must first establish an adequate alternative forum. Then, the court must weigh the relevant public and private factors. The court should also give deference to the plaintiff's choice of home forum." Wong, 589 F.3d at 830.

These additional factors bear striking similarities between the factors considered in determining whether to initially hold the forum-selection clause valid and enforceable. First, an alternative forum exists in Polk County, Florida, and SPI has already brought suit there for this exact same cause of action. Second, the public has an interest in avoiding duplicative litigation in multiple venues. Further, because there is a forum-selection clause at issue, the court "should not consider arguments about the parties' private interest," and "must deem the private-interest factors to weight entirely in favor of the preselected forum." Atl. Marine, 134 S.Ct at 582. Finally, the existence of the forum-selection clause means the Court must give no weight to SPI's subsequent decision to file a counter-claim in the Western District of Tennessee. Atl. Marine, 134 S.Ct at 581.

For the above stated reasons and law cited, Ms. McQuage hereby respectfully prays this Court dismiss SPI's counter-claim under the doctrine of *forum non conveniens* and their claim be dismissed without prejudice.

**B. The counter-claim does not state a claim upon which relief can be granted because the terms of the Employment Agreement's Restricted Territory provision does not cover Memphis, Tennessee, Shelby County, nor any other county in Tennessee.**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In assessing whether the Complaint states a claim on which relief may be granted, the Court applies the pleadings standards announced in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007), Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the Complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." Iqbal, 556 U.S. at 679. Ultimately, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) nevertheless requires factual allegations to make a "showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3.

Non-compete agreements between employers and employees are

13

generally disfavored in Tennessee and are strictly construed in favor of the employee. <u>Murfreesboro Med. Clinic, PA v. Udom</u>, 166 S.W.3d 674, 678 (Tenn. 2005). Accordingly, a non-compete may only be enforceable under Tennessee law if it has the following characteristics: 1) it protects a legitimate business interest; 2) it is reasonable in light of the hardship to the employee and the public; and 3) it imposes time and territorial limits that are no greater than necessary to protect the employer's legitimate business interest. <u>Murfreesboro Med. Clinic</u>, 166 S.W.3d at 678 (emphasis added).

In SPI's counter-claim, they alleged Ms. McQuage… was engaged in "Restricted Business," within the "Restricted Territory" within the "Restrictive Period" (as those terms are defined, respectively by Sections 7(a)(iii), (iv), and (v) of the Employment Agreement. (ECF No. 11, p. 18). Notably, while the counter-claim is rife with contract definitions, the definition for "Restricted Territory" was not included, but which states as follows, "[t]he term[] "Restricted Territory" shall mean "[t]he counties listed in Addendum A."[3] (ECF No. 11-3, p. 8). For the purposes of this

---

[3] The complete definition also includes, "and all city, county and state governmental agencies within Western Tennessee." However, these agencies and not entities are more aptly described as customers, a term which is defined separately under the section, "Customers", contained in section 7(a)(vii) of the Employment Agreement. As such, the complete and misleading definition of "Restricted Territory" is included here only for completeness. Any resulting ambiguities, vagaries or inferences should be drawn against SPI, as the drafting party. <u>Travelers Ins. Co. v. Aetna Cas. & Sur. Co.</u>, 491 S.W.2d 363, 365 (Tenn. 1973) (citing Am. Jur., Contracts, § 252 (It is a basic rule of contracts that a written agreement, in case of doubt as to the meaning thereof, be interpreted against the

14

motion, Ms. McQuage does not dispute that the full, complete and exhaustive list of counties contained within Addendum A, when taken as "well-plead" facts, serve to adequately define the "Restricted Territory." (See ECF No. 11-3, pp. 15-17). However, notably absent from the list of counties, is Shelby County, Tennessee, and any other county located within the State of Tennessee. (Id.)

In support of its proposition that Ms. McQuage has allegedly violated the Employment Agreement, SPI has provided a list of customers and/or distributors whom they believe should not have been allegedly solicited by Ms. McQuage, or her respective corporate entity. (ECF No. 11, p. 19 ¶ 20(c)). However, everyone of these entities are located in Shelby County, Tennessee, specifically:

1) City of Bartlett, Tennessee.
   - Located at 6400 Stage Road, Bartlett, Shelby County, Tennessee 38134. Notably, the only government entity included as all other are private sector entities.
2) William-Sonoma, Inc.
   - Located at 4708 Spottswood Avenue, Memphis, Shelby County, Tennessee 38117.
3) Ozark Motor Lines, Inc.
   - Located at 3934 Homewood Road, Memphis, Shelby County, Tennessee 38117.
4) Maintenance Supply and Fastener Co, Inc.

---

party who has drawn it.))

- Located at 4065 Pilot Drive, Memphis, Shelby County, Tennessee 38117.

5) Radians, Inc.
   - Located at 5305 Distriplex Farms Drive, Memphis, Shelby County, Tennessee 38141.

6) International Sourcing Company, Inc., doing business as Cordova Safety Products.
   - Located at 4025 Viscount Avenue, Memphis, Shelby County, Tennessee 38118.
   - Also located at 2085 W. Freeman Drive, Memphis, Shelby County, Tennessee 38114.

7) Shelby Group International, Inc., doing business as MCR Safety.
   - Located at 1255 Schilling Boulevard W, Collierville, Shelby County, Tennessee.
   - Also located at 685 US-72, Collierville, Shelby County, Tennessee 38017.

8) Pyramex Safety Products, LLC.
   - Located at 281 Moore Lane, #A, Collierville, Shelby County, Tennessee.

Moreover, in attempting to substantiate venue is appropriate in the Western District of Tennessee, SPI has claimed that a substantial part of the alleged events occurred in the Western District of Tennessee. (ECF No. 11, p. 14). Accordingly, since Shelby County, Tennessee is not within the geographical description contained within the "Restricted Territory" as specifically defined in the Employment Agreement between Ms. McQuage and SPI, there can be no violations for allegedly contacting customers which

16

are based in Shelby County, Tennessee, nor for conduct that occurred within Shelby County, Tennessee. In fact, the only allegation contained within SPI's counter-claim could conceivably relate to conduct within the "Restricted Territory," is Ms. McQuage allegedly formed an LLC in the State of Mississippi which, in and of itself, is insufficient to sustain a claim for breach of the Employment Agreement. (ECF No. 11, p. 18).

For the above stated reasons and law cited, Ms. McQuage hereby respectfully prays this Court dismiss SPI's counter-claim for failure to state a claim upon which relief can be granted and that its claim be dismissed without prejudice.

## CONCLUSION

Based on the above arguments and authorities, Ms. McQuage respectfully requests the Court dismiss SPI's counter-claim based on the doctrine of *forum non conveniens* and for failure to state a claim upon which relief can be granted. Further, because SPI has already filed a state court action in Polk County, Florida for Ms. McQuage's alleged breach of contract, dismissal without prejudice, instead of a transfer, pursuant to 28 U.S.C. 1404(a) or 28 U.S.C. 1406(a), is the appropriate remedy.

Respectfully submitted this 21st day of December, 2018.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE

A Professional Corporation

By: /s/ J. Mark Griffee_____
J. Mark Griffee #7220
Jana D. Lamanna #23619
Christopher M. Williams #36256
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 – Telephone
(901) 762-0527 – Fax
mgriffee@blackmclaw.com
jlamanna@blackmclaw.com
cwilliams@blackmclaw.com

*Attorneys for Kelly A. McQuage*

## CERTIFICATE OF SERVICE

    I hereby certify a true and correct copy of the above and foregoing document has been served upon all counsel of record in this cause electronically through the Court's ECF filing system, on this the 21st day of December, 2018.

Angie Davis
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Whitney Dowdy
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Emma Davis
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

/s/ J. Mark Griffee_____