IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE WESTERN DIVISION

---

KELLY A. MCQUAGE,

    Plaintiff,

v.                                                                              Case No.2:18-cv-02781
                                                                             Jury Demanded

SAFETY PRODUCTS, INC.,

    Defendant.

---

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION
OF DOCUMENTS TO DEFENDANT**

---

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff hereby requests that Defendant make a written response to the following requests for production of documents, and to produce the requested documents, within the time allowed under the Federal Rules of Civil Procedure. Plaintiff further requests that Defendant make all of the requested documents available for inspection and copying at the law office of Plaintiff's counsel, Black McLaren Jones Ryland & Griffee, P.C., 530 Oak Court Drive, Suite 360, Memphis, Tennessee 38117.

These Requests for Production of Documents shall apply as of the date of the serving of the requests and as of the date the documents are produced, in addition to the dates specifically mentioned herein.

DEFINITIONS

(1) <u>Communicate or Communication</u>: The terms "communication"

1

or "communications" mean every manner of disclosure or exchange, and every disclosure or exchange, of information, whether orally or by document or whether face to face, by telephone, mail, personal delivery, or otherwise.

(2) <u>Concerning, Related to, Arising Out of</u>: The terms "concerning," "relating to," "referring to," "arising out of," and their cognates are to be understood in their broadest sense and each means constituting, identifying, evidencing, summarizing, commenting upon, referring or relating to or arising out of, describing, digesting, reporting, listing, analyzing, studying, discussing, stating, setting forth, reflecting, interpreting, concerning, recording, including, negating, manifesting, containing or comprising the subject matter identified.

(3) <u>Documents</u>:  The term "document" shall be interpreted in the broadest sense possible and shall include documents of any nature whatsoever, regardless of origin or location, in whatever language, wherever located, whether handwritten, typed, printed, taped, filmed, or reproduced or stored in any way.  A draft or non-identical copy, version, modification, or addition to any document (whether different because of handwritten notes, other markings, or otherwise) is a separate document within the meaning of this term. In addition, the term "document shall include all types of electrical, magnetic, sound, or video recordings, computer floppy diskettes (of any size), hard disks, computer magnetic tapes, CD-

ROMs, zip drives, thumb drives, optical disks, software, photographs, films, videotapes, microfiche or microfilm, other productions of visual images, tape recordings or other memorializations, recordings, storage or reproduction of data, words, information, sounds or voices, and any other writings or recordings of every kind and description, including, but not limited to, notes, papers, correspondence, letters, wires, telegrams, facsimiles, telephone messages, telephone records, interoffice communications, and electronic mail or other computer messages, computer files or libraries, however saved or stored (including those documents deleted but accessible).  Identical duplicates of documents need not be produced.

    (4) <u>Identity or Identify</u>:

        (a) <u>With respect to a Person</u>: A request that a person be identified constitutes a request for the person's name, present home and business addresses and telephone numbers, if known, and if not known, the person's last known business and residence address and telephone numbers.

        (b) <u>With respect to Documents</u>: The request for the identity of documents constitutes a request to state the date of the document, identify its authority, its recipient, its custodian, and to state its nature (e.g., contract, invoice, memorandum) and its subject

3

matter. If you maintain that any document which refers or relates to anything about which these requests ask has been destroyed, set forth the content of the document, the location of copies of the document, the date of destruction, and identify the person who ordered or authorized the destruction of the document.

  (c) <u>With respect to Location</u>: A request for the location of documents is deemed to constitute a request for the present address where the documents are kept, if known, and if not known, the last address known to you and all information available to you as to the disposition of the requested documents.

 (5) <u>Person</u>:  "Person" means any natural person, firm, or corporation, partnership, joint venture, or other form of business entity.

 (6) <u>You or Your</u>:  The words "you" or "your" refer to the party upon whom these requests are made, the party's attorneys, agents, or representatives.

THE DEFENDANT HEREBY ADVISES THE PLAINTIFF TO PRODUCE THE DOCUMENTS FOR INSPECTION AS THEY ARE KEPT IN THE USUAL COURSE OF BUSINESS <u>OR</u> TO LABEL THEM TO CORRESPOND TO EACH NUMBERED CATEGORY AS REQUIRED BY RULE 34 OF THE FEDERAL RULES OF CIVIL PROCEDURE.

<u>INSTRUCTIONS</u>

(7)   Whenever in these Requests for Production of Documents there is a request to "describe in detail" an "act," "event," "instance," "transaction," "fact" or "set of facts" your response should include:

    (a)   A statement or description by reference to underlying, supporting facts rather than to ultimate facts or conclusions of law or fact;

    (b)   A statement of the date, location and manner of each occurrence; and

    (c)   The identity of each person participating or engaging therein.

(8) If you object to answering or fail to answer any request(s) objecting to the production of certain documents on the grounds of either "attorney-client privilege" or "the work product doctrine," or both, or any other claim of privilege, then as to such information or such documents allegedly subject to such asserted objection, you are requested to supply an identification of such information or such documents, in writing, with sufficient specificity to permit the Court to reach a determination in the event a Motion to Compel as to the applicability of the asserted objection is filed, together with an indication of the basis for the assertion of the objection based on attorney-client privilege or the work product doctrine, or any other claim or privilege.  In the case of documents, the full identification of which is objected to because of either the

5

attorney-client privilege or the work product doctrine or any other claim of privilege, such partial identification called for by this instruction shall include the nature of the document (e.g. inter-office memorandum, correspondence, report, etc.), the sender or author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the name appearing on any circulation list associated with such document in sufficient detail to permit the Court to reach a determination in the event a Motion to Compel is filed, but not so complete as to violate the effectiveness of the assertion of the objection.

(9)  In construing any Requests for Production of Documents, instruction, or definition, the singular form of a word shall include the plural and the plural form of a word shall include the singular. The words "and" and "or" shall be construed to mean "and/or" and each of the functional words "each," "every," "any," and "all" shall be deemed to include each of the other words whenever doing so broadens the scope of any Requests for Production of Documents.

(10)  In the event you object to any of the Requests for Production of Documents set forth below on the grounds that such Request(s) is overly broad, respond to such Requests for Production of Documents as narrowed in the instruction so that it is in your opinion not overbroad, and state the extent to which you so narrowed the Requests for Production of Documents.

**REQUESTS FOR PRODUCTION**

**REQUEST NO. 1:** Please produce any and all documents, communications (including emails, text messages, etc.), notes, memoranda, letters, or other documents maintained by Defendant that relate in any manner to Plaintiff's complaints of gender and/or sex discrimination and retaliation, the design, production or distribution of the "Safety Slut" T-shirts, the subsequent termination of Plaintiff's employment with Defendant, or the subsequent decision to enforce any purported non-compete agreement(s).

**REQUEST NO. 2:** Please produce a copy of Plaintiff's personnel file, in any form, maintained by the Defendant, including, but not limited to, files concerning the Plaintiff maintained by the Plaintiff's supervisor(s) and/or manager(s), or Defendant's human resources representative(s).

**REQUEST NO. 3:** Please produce any and all emails, correspondence, communications, notes, memoranda, or other documents related to Plaintiff's performance from October 29, 2014, through the present.

**REQUEST NO. 4:** Please produce any and all documents relating to Defendant's employee evaluation policies and procedures for period from January 1, 2013, through December 31, 2017.

**REQUEST NO. 5:** Please produce any and all documents relating to the evaluation of both Russ Devine and Michael Kay's direct reports from January 1, 2013, through December 31, 2017.

7

**REQUEST NO. 6:**   Please produce a copy of any employee handbook, code of conduct, personnel manual(s), memorandum of understanding, and/or policies and procedures manual(s) that were in effect from October 29, 2014, until Plaintiff's termination of employment.

**REQUEST NO. 7:**   Please produce a copy of policies and procedures relating to placing telephone calls to or visiting client for sales calls, or otherwise, documentation requirements for Field Sales Representatives, anti-harassment, sex, gender or age discrimination, grievance procedures, and any other policy(ies) identified in answering Interrogatory No. 3 and Interrogatory No. 5.

**REQUEST NO. 8:**   Please produce a copy of any and all payroll records, including W-2s issued, relating to Plaintiff.

**REQUEST NO. 9:**   Please produce any and all documents reflecting any commission-based pay, bonuses, car allowances or other compensation, received by Plaintiff, and justification for same.

**REQUEST NO. 10:**   Please produce any and all documents reflecting any pay raise received by Plaintiff, and justification for same.

**REQUEST NO. 11:**   Please produce any and all documents reflecting reasons why Plaintiff received a bonus in January 2017, and justification for same.

**REQUEST NO. 12:** Please produce any and all documents showing the dollar value to the Plaintiff and/or the cost to Defendant of each employee benefit, employee retirement plan, or employee welfare plan, including any and all documents showing any calculation of benefits for Plaintiff.

**REQUEST NO. 13:** Please produce all documents relevant or related to Defendant's Answer to Interrogatory No. 5.

**REQUEST NO. 14:** Please produce any and all documents provided to and received from any testifying or consulting expert witness(es) retained by Defendant in connection with this case, including any and all resumes of said experts and curriculum vitae.

**REQUEST NO. 15:** Please produce the following documents concerning any person who you may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705:

A written report prepared and signed by the witness containing:

(a) a complete statement of all opinions to be expressed and the basis and reasons therefore;

(b) the data or other information considered by the witness in forming the opinions;

(c) any exhibits to be used as a summary of or support for the opinions;

(d) the qualifications of the witness, including a list

9

     of all publications authored by the witness within the preceding ten years;

  (e) the compensation to be paid for the study and testimony; and

  (f) a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

**REQUEST NO. 16:** Please produce any and all documents constituting or memorializing any commendations, awards, nominations for commendations or awards, recognitions of achievement, and/or certificates of achievement given to Plaintiff by Defendant.

**REQUEST NO. 17:** Please produce any and all photographs, films, videotapes, or audio recordings of Plaintiff, which are in Defendant's possession, custody, or control.

**REQUEST NO. 18:** Please produce any and all documents reflecting, indicating, or relating to any factual statements taken or received by Defendant, its attorneys or representatives, from any person who has information or knowledge relating to the events alleged in Plaintiff's Complaint.

**REQUEST NO. 19:** Please produce any and all other documents, diagrams, drawings, photographs, and demonstrative aids not already produced herein, which Defendant intends to use at trial.

**REQUEST NO. 20:** Please produce any and all documents identified in Defendant's Answers to Plaintiff's First Set of Interrogatories or requested to be identified in the Interrogatories served on you simultaneously with this Rule 34 Request.

**REQUEST NO. 21:** Please produce any and all documents in Defendant's possession, custody, or control which Defendant may use to support any of its defenses raised in this lawsuit or to establish that Plaintiff's termination was not in violation of federal or state law.

**REQUEST NO. 22:** Please produce all documents that Defendant/Counter-Plaintiff contends support any of the defenses, affirmative defenses, and/or counter-claims alleged in Defendant's Answer to Complaint and Counterclaim.

**REQUEST NO. 23:** Please produce all documents and communications by Defendant or its agents related to any investigation or inquiry made into Plaintiff's work performance during her employment with Defendant, and/or her allegations of sex, gender, or age discrimination and retaliation.

**REQUEST NO. 24:** Please produce Defendant's privilege log.

**REQUEST NO. 25:** Please produce any documents used by Defendant in evaluating any perceived detrimental impact to its business caused by 901 Safety, LLC, a Mississippi LLC.

**REQUEST NO. 26:** Please produce any documents related to Plaintiff's specialized training or unique knowledge provided to her

11

by Defendant during her employment with Defendant.

**REQUEST NO. 27:** Please produce a copy of any demand and/or "cease and desist" letter(s) or Complaint(s) related to litigation identified in Interrogatory No. 13.

Respectfully submitted,

BLACK MCLAREN JONES RYLAND & GRIFFEE
A Professional Corporation

By: /s/ J. Mark Griffee
J. Mark Griffee #7220
Jana D. Lamanna #23619
Christopher M. Williams #36256
530 Oak Court Drive, Suite 360
Memphis, TN 38117
(901) 762-0535 – Telephone
(901) 762-0527 – Fax
mgriffee@blackmclaw.com
jlamanna@blackmclaw.com
cwilliams@blackmclaw.com

*Attorneys for Kelly A. McQuage*

**CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the above and foregoing document has been served upon all counsel of record in this cause electronically through the Court's ECF filing system, on this the 21st day of December, 2018.

Angie Davis
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Whitney Dowdy
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

Emma Davis
Baker Donelson Bearman
Caldwell & Berkowitz, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103

/s/ J. Mark Griffee_____