# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KELLY A. MCQUAGE,<br>    Plaintiff,<br>v.<br>SAFETY PRODUCTS, INC.,<br>    Defendant. | )<br>)<br>)<br>)   No. 2:18-cv-02781-SHL-cgc<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on January 16, 2019. Present were Emma Redden Davis and Angie C. Davis, counsel for Plaintiff, and J. Mark Griffee and Christopher Michael Williams, counsel for Defendant. At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** January 30, 2019

**MOTIONS TO JOIN PARTIES:** March 18, 2019

**MOTIONS TO AMEND PLEADINGS:** March 18, 2019

**MOTIONS TO DISMISS:** April 18, 2019

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**     **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** April 10, 2019

                Mediator must file Mediation Certification Form:
                https://www.tnwd.uscourts.gov/pdf/content/MediationCertificationForm.pdf

    **(b)**     **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**
                  **MEDIATOR'S NAME:** Allen Blair

**COMPLETING ALL DISCOVERY:** September 9, 2019

    **(a)**    **WRITTEN DISCOVERY**[1]**:**  August 9, 2019

    **(b)**    **DEPOSITIONS:**  September 9, 2019

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION:**  July 9, 2019

        **(2)**    **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION:**  August 9, 2019

        **(3)**    **EXPERT WITNESS DEPOSITIONS:**  September 9, 2019

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:**  October 9, 2019

**FILING DISPOSITIVE MOTIONS:**  October 9, 2019

**JOINT PROPOSED PRETRIAL ORDER DUE:**  February 7, 2020
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to: ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:**  February 14, 2020, at 9:00 a.m.

**JURY TRIAL:**  February 24, 2020, at 9:30 a.m.  Trial is anticipated to last approximately 2–3 days.

The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS:**

      As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan.

---

[1] The parties shall serve requests at least 45 days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.  The Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.  Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.***

**IT IS SO ORDERED,** this 16th day of January, 2019.

    s/ Sheryl H. Lipman
    SHERYL H. LIPMAN
    UNITED STATES DISTRICT JUDGE